

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FREDRICK ALLEN ELLIS,

    Plaintiff,

v.

CIVIL ACTION NO.: CV508-014

STATE OF GEORGIA, DEPARTMENT
OF PROBATION; MARK BOWERS,
Probation Officer Laurens County;
MICHAEL TAYLOR, Probation Officer
Ware County; DANNY POWELL, Probation
Officer Laurens County; TERRY HOOD,
Probation Officer Montgomery County;
COUNTY OF LAURENS, GEORGIA;
SHERIFF, Laurens County, Georgia;
CHRIS BRACEWELL, Laurens County
Deputy, and STEVE JACKSON, Judge,
Pierce County Superior Court,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

By Order dated March 13, 2008, the undersigned informed Plaintiff that his various claims appeared to be unrelated and that he should advise the Court as to which claim or related claims he wished to pursue in this cause of action. Plaintiff responded to this Order. Based on Plaintiff's response, his claims against Defendants Steven Jackson, Laurens County, Georgia, and the Sheriff of Laurens County should be dismissed, without prejudice. The remaining Defendants in this case are: the State of Georgia, Department of Probation; Michael Taylor, a Ware County Probation Officer; Mark Bowers and Danny Powell, Laurens County Probation Officers; Terry Hood, a

Montgomery County Probation Officer; and Chris Bracewell[1], a Laurens County Sheriff's Deputy.

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

In his Complaint, as amended, Plaintiff asserts the State of Georgia, Department of Probation allowed him to be subjected to cruel and unusual punishment, false

---

[1] Plaintiff wished for his claims against Defendant Bracewell to be dismissed. However, in one of the numerous pleadings Plaintiff filed with the Court since the undersigned issued his Order directing Plaintiff to sort out his claims, Plaintiff arguably sets forth a claim against Defendant Bracewell. Plaintiff's remaining claims against Defendant Bracewell are addressed in an Order of even date.

AO 72A
(Rev. 8/82)

2

imprisonment, and physical and mental assaults by failing to train properly, supervise, and investigate perjuries and "false swearings". (Compl., p. 5A). Under Georgia law, probation departments are part of the Department of Corrections. See O.C.G.A. § 42-8-43.1; Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 794 n.1 (11th Cir. 2005). A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45, 58 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Will, 491 U.S. at 67, 109 S. Ct. at 1210. Because the State of Georgia would be the real party in interest in a suit against the Department of Corrections, the Eleventh Amendment immunizes the Department of Corrections from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). By extension, Plaintiff's claims against the State of Georgia, Department of Probation are barred by Eleventh Amendment immunity. Id.

Plaintiff generally asserts Defendants Bowers, Taylor, and Hood violated his constitutional rights by subjecting him to cruel and unusual punishment, false imprisonment, and physical and mental assaults. Plaintiff also asserts these Defendants abused their power by ordering him to move out of Laurens County, obtaining warrants based on perjury and false swearing, and perjuring themselves in the Pierce County Superior Court.

Plaintiff's allegations against Defendants Bowers, Taylor, and Hood are unsupported by any specific facts. Even under the liberal rules afforded to prisoners

AO 72A
(Rev. 8/82)

3

proceeding *pro se*, Plaintiff has failed to satisfy the most basic requirement of setting forth facts sufficient to assert his claims that his constitutional rights have been violated. See FED. R. CIV. P. 8(a)(2) (stating that a plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief."). Plaintiff's claims against Defendant Bowers, Taylor, and Hood should be dismissed.

Plaintiff contends Defendant Powell slapped him on one occasion. The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that an official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). Even accepting Plaintiff's assertion as true, Defendant Powell slapping Plaintiff on one occasion is not conduct which is "sufficiently serious" to rise to the level of a constitutional violation. Plaintiff's excessive force claims against Defendant Powell should be dismissed.

Plaintiff also asserts Defendants "conspired under color of law to commit civil rights violations and [criminal] violations by use of planned false swearing and [perjuries]." (Doc. No. 11, p. 1). A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283

AO 72A
(Rev. 8/82)

4

(11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants "reached an understanding to violate [his] rights.'" Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). As Plaintiff has failed to make this showing, his claim that Defendants conspired to violate his constitutional rights should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date. Should the undersigned's Report and Recommendation be adopted as the opinion of the Court, Plaintiff's cognizable claims will be against Defendants Powell and Bracewell, both of whom work in Laurens County, Georgia. As Defendants Powell and Bracewell would be the only remaining Defendants in this cause of action, venue properly lies in the Dublin Division of the Court, and this cause of action should be transferred to that division.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Jackson, Laurens County, Georgia, and the Sheriff of Laurens County be **DISMISSED**, without prejudice. It is also my **RECOMMENDATION** that Plaintiff's claims against the State of Georgia, Department of Probation, Bowers, Taylor, and Hood be **DISMISSED**, with prejudice. It is my further **RECOMMENDATION** that Plaintiff's excessive use of force claim and conspiracy claim be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE